# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LITHONIA J. HARRIS, | * | |
| Plaintiff, | * | |
| vs. | * | CV 211-025 |
| OFFICER ANTHONY TILLMAN, | * | |
| Defendant. | * | |

**ORDER**

Presently before the Court is a Motion to Dismiss filed by Defendant Anthony Tillman ("Tillman"). Dkt. No. 23. The Magistrate Judge recommended denying the Motion and Defendant objected. See Dkt. Nos. 30, 31. This Court converted the Motion to Dismiss into a Motion for Summary Judgment because Defendant's motion relied on matters outside the pleadings. See Dkt. No. 23, Ex. 2.

After due consideration, the Magistrate Judge's Report and Recommendation, Dkt. No. 29, is **REJECTED**. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Accordingly, Defendant's Objections to the Report and Recommendation, Dkt. No. 31, are **SUSTAINED** and Defendant's Motion for Summary Judgment, Dkt. No. 23, is **GRANTED**.

1

## BACKGROUND

On February 25, 2011, Plaintiff Lithonia Harris ("Harris") filed this lawsuit under 42 U.S.C. § 1983 against Appling County, the Appling County Sheriff's Department, Sheriff Billy Deloch, and an unknown deputy identified as "Officer Talmadge." See Dkt. No. 1. When Harris filed this action, he was incarcerated in the Augusta State Medical Prison. See Dkt. No. 1. Plaintiff alleged that, around September 2009, an "Officer Talmadge" had "tackled him" and "slammed [his] head into the concrete" knocking him unconscious. See Dkt. No. 1. The same day Harris filed his complaint, he also requested permission from the court to proceed in forma pauperis. See Dkt. No. 2. However, the Magistrate Judge denied that motion three days later. See Dkt. No. 3. Harris was warned that he must pay the required $350.00 filing fee within twenty-one days or his case would be dismissed. See Dkt. No. 3.

Harris subsequently failed to pay that fee, which resulted in his case being dismissed on March 30, 2011. See Dkt. No. 4. In response, Harris filed a motion requesting that the Court either waive or extend the twenty-one day deadline, claiming that his failure to pay the fee was due to circumstances beyond his control. See Dkt. No. 5. Along with this motion, Harris filed a check for the filing fee. The Court accepted Harris's

2

AO 72A
(Rev. 8/82)

check and accordingly vacated its earlier order dismissing Harris's case. See Dkt. No. 8.

On April 19, 2011, the Magistrate Judge, under the mistaken belief that Harris had received in forma pauperis status, ordered the United States Marshal Service ("USMS") to serve a copy of the complaint on "Officer Talmadge," the exact name provided by Harris. Dkt. No. 10. To file his complaint, Harris had used a standard complaint form provided to prisoners who wished to file a § 1983 action in the Southern District of Georgia. See Dkt. No. 1. Although this form required that Harris list the correct name and current address for each defendant, Harris failed to provide a specific address for Officer Talmadge. See Dkt. No. 1. The Clerk of Court assumed Harris's place of incarceration, Augusta State Medical Prison, was the address for "Officer Talmadge" and listed that address for service. Indeed, in the caption where the form instructs the plaintiff to set forth the names of the defendants, Harris mistakenly switched the section for the plaintiff's information with the section asking for defendants' information. See Dkt. No. 1. Thus, the only address provided in the defendant information section was Harris's current place of incarceration, Augusta State Medical Prison. See Dkt. No. 1. Unaware that Harris had erred in providing the address for "Officer

3

Talmadge," the Clerk of Court listed the only address provided by Harris as the address to serve "Officer Talmadge."

Approximately five months later, on September 30, 2011, the USMS notified the Court that "Officer Talmadge" could not be served at that address because he did not work at the Augusta State Medical Prison. Dkt. No. 17. At this point, the two-year statute of limitations had already run. However, the Clerk of Court prepared the paperwork for "Officer Talmadge" to be served at the proper location, the Appling County Sheriff's Department. Armed with the correct address, the USMS went to serve "Officer Talmadge" at the Appling County Sheriff's Department only to be told that no one by the name of Talmadge worked there, nor had anyone by that name ever worked there. Dkt. No. 18.

The USMS then relayed this information to the Magistrate Judge on November 17, 2011. Dkt. No. 18. On March 2, 2012, the Magistrate Judge directed Harris to provide an adequate address for "Officer Talmadge," so that he could be served. See Dkt. No. 19. Three weeks later, Harris responded that Talmadge was not the correct name after all. See Dkt. No. 20. In March of 2012, Harris, for the first time, named a different person, Anthony Tillman, as a defendant. See Dkt. No. 20. The Magistrate Judge directed the USMS to attempt service on the

4

newly identified defendant on March 21, 2012. See Dkt. No. 21. Anthony Tillman was served with the complaint on March 29, 2012.

Tillman timely filed a Motion to Dismiss under Rule 12(b)(6) claiming that Harris's claims are barred by the statute of limitations. See Dkt. No. 23. He attached an affidavit showing that he never knew of the suit, nor his possible addition as a defendant, until after the statute of limitations expired. See Dkt. No. 23, Ex. 2. Because the Motion relied on a matter outside of the pleadings, namely Tillman's affidavit, this Court converted the Motion to Dismiss into a Motion for Summary Judgment and issued notice to the parties of that conversion. See Dkt. No. 40. Both parties filed subsequent briefing after the notice. See Dkt. Nos. 42, 47.

**LEGAL STANDARD**

When a party has properly objected to a magistrate judge's Report and Recommendation as to a dispositive motion, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Additionally, under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must view the evidence and draw all

inferences in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59 (1970).

The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

**DISCUSSION**

After an independent and *de novo* review of the record, it is clear that Harris's claims against Tillman are barred by the applicable statute of limitations. "[T]he proper limitations period for all § 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). The incident that forms the basis of Harris's complaint occurred, at the latest, in September 2009. Thus, the statute of limitations expired in September 2011. Clearly Harris's complaint, which was filed in February 2011, fell within the applicable limitations period. However, the amendment asserting claims

6

against Tillman occurred well after the statute had run.  In his affidavit, Tillman asserts that he was not even aware of the lawsuit until October 21, 2011 (after the limitations period had ended) and that he did not know he was intended as a party until he was served in March 2012 (approximately five months after the statute's expiration).  See Dkt. No. 23.

Because the amendment changing "Officer Talmadge" to "Officer Tillman" fell outside of the statute of limitations period, Harris's only hope is for "relation back" under Federal Rule of Civil Procedure 15(c)(1) to apply.  Relation back salvages an otherwise time barred amendment by allowing it to "relate back" to the date of the timely filed original pleading. See Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2489 (2010).  When the amendment "changes the party or the naming of the party against whom a claim is asserted," the amendment must satisfy the requirements set out in Rule 15(c)(1)(C).  One of those requirements is that "within the period provided by Rule 4(m) for serving the summons and complaint," the party to be added must have actually "kn[own] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  The time period provided by Rule 4(m) is 120 days from the filing of the complaint, unless "the plaintiff

7

shows good cause for the failure" to effectuate service. Fed. R. Civ. P. 4(m). Therefore, this Court must determine whether the time period provided by 4(m) was the standard 120 days, or whether it was extended for "good cause."

This Court concludes that Harris did not have good cause for the delay in effectuating service. In <u>Richardson</u> and <u>Rance</u>, the Eleventh Circuit held that the failure of the USMS to effectuate service of process on behalf of an *in forma pauperis* plaintiff constitutes "good cause" under Rule 4(m) for failure to effectuate service within 120 days, as long as the delay was not a result of the plaintiff's actions. <u>Richardson v. Johnson</u>, 598 F.3d 734, 738-739 (11th Cir. 2010); <u>Rance v. Rocksolid Granit USA, Inc.</u>, 583 F.3d 1284, 1286-88 (11th Cir. 2009). However, Harris does not qualify for the protections afforded plaintiffs under <u>Richardson</u> and <u>Rance</u>. First of all, Harris was denied *in forma pauperis* status, thus <u>Richardson</u> and <u>Rance</u> are distinguishable on that basis. <u>See</u> Dkt. No. 3. Potentially, Harris may have become confused as to his status when the Magistrate directed the USMS to serve Defendants erroneously stating that Harris was "authorized to proceed *in forma pauperis*." <u>See</u> Dkt. No. 10. However, even giving Harris the benefit of the doubt on that point and assuming arguendo that

AO 72A
(Rev. 8/82)

Harris should be treated as an *in forma pauperis* party, Richardson and Rance are not applicable.

Importantly, the rule from those cases applies only when the failure to effectuate service was "through no fault of [the] plaintiff." Rance, 583 F.3d at 1287. Here, in contrast, the delays stemmed directly from Harris's own errors and omissions. More than anyone else, Harris caused the delay in serving Tillman. Harris's conduct delayed service in three ways. First, by failing to pay the requisite filing fee, Harris halted the progress of the suit for forty-two days. Secondly, Harris failed to provide an address for each defendant, despite the fact that the complaint form required that he do so. See Dkt. No. 1. He now wants to blame the Clerk entirely for his failure to perform his own initial obligation to provide the proper service address. Thirdly, Harris's complaint provided an incorrect name for Defendant Tillman. Harris wants to blame the Magistrate Judge for not prompting him quickly enough to provide the actual name of the person he wanted to serve. The undisputed facts show that the delays experienced by the USMS stemmed directly from Harris's failure to provide complete and correct information. In sum, the two key facts a plaintiff should provide for service purposes are a name and an address.

9

Harris failed in both respects. As such, he cannot be said to lack any fault.

Because Harris did "share[] in the . . . fault for failure to effectuate [timely] service," no good cause exists to extend the Rule 4(m) time period. Rance, 583 F.3d at 1288. Thus, whether relation back applies depends on whether Tillman knew or should have known that Harris intended to sue him within 120 days of the filing of the complaint. Clearly Tillman did not have such knowledge within that 120-day time period.

Tillman was not served until March 29, 2012, over a year after Harris's complaint was filed. It is, perhaps, debatable whether Tillman should have recognized, when he first learned of the suit, that Harris was referring to him when he named "Officer Talmadge" as a defendant, since both names begin with the letter "T". Harris, in his response, argues that Tillman should have recognized in October that he was the intended defendant. See Dkt. No. 42. However, that issue is moot given the fact that Tillman only learned of a suit against an "Officer Talmadge," or anyone else, on October 21, 2011, at which point the Rule 4(m) time period had already run.

Importantly, this is not a case where Tillman knew some of his co-workers had been sued, but thought he had luckily escaped litigation. Pursuant to the 28 U.S.C. § 1915A screening, all

10

claims against all other defendants were dismissed. No service attempts were made for any other defendant. It is undisputed that October 2011 was the first time that Tillman became aware of the present litigation. By that time, both the Rule 4(m) period for service and the statute of limitations had already run.

The Report and Recommendation wrongly concludes that relation back is appropriate because "'Talmadge' is not too far off from 'Tillman.'" Dkt. No. 29. First, the fact that "Tillman" and "Talmadge" both begin with the same letter is simply not enough to have informed Tillman that Harris was attempting to sue him. Secondly, what Tillman might have known based on learning of the suit on October 21, 2011 is irrelevant to the Rule 15(c)(1)(C) analysis because that was well after "the [time] period provided by Rule 4(m)" expired. Fed. R. Civ. P. 15(c)(1)(C). As a result, relation back under Rule 15(c)(1)(C) cannot apply, and Harris's claims are time barred.

## CONCLUSION

For the reasons stated above, relation back does not apply and Plaintiff's claims are otherwise barred by the applicable statute of limitations. The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal

AO 72A
(Rev. 8/82)

Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Krupski, 130 S. Ct. at 2494. From a policy standpoint, it is proper that Tillman, who was unaware of a lawsuit and thought the statute of limitations had run, should not be forced to litigate a stale case when Harris caused the delay by failing to provide an address and an actual name for service. Accordingly, Defendant's Objections to the Report and Recommendation, Dkt. No. 31, are **SUSTAINED** and Defendant's Motion for Summary Judgment, Dkt. No. 23, is **GRANTED**.

**SO ORDERED**, this 14th day of January, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)